UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | NO.2:97-CR-07 |
| | ) | |
| GEORGIA BELLE MULLINS | ) | |

## **O R D E R**

This criminal matter is before the Court to consider the defendant's *pro se* Motion for Sentencing Hearing and Appointment of Counsel which was docketed twice by the Clerk's office. [Docs. 612 and 613]. After her sentence was vacated on appeal, the defendant's sentence was reinstated on July 28, 2000, after the Court concluded that the "if death results" enhancement did not apply to this defendant. The defendant did not appeal her sentence, and therefore, her sentence is already final on direct review. Therefore, the Court has no jurisdiction to address the defendant's Rule 32 challenge or her contention that her sentence was imposed in violation of *United States v. Booker*, --- U.S. ----, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), because the trial judge increased her sentence based on findings of fact made by the judge in regard to the weight of drugs attributable to her.

In addition, although *Booker*, at 756, applied the reasoning in *Blakely v. Washington*, --- U.S. ----, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004) to the Federal Sentencing Guidelines and held that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt," the Sixth Circuit has concluded that *Booker's* rule does not apply retroactively to decisions already final on direct review. See *Humphress v. United States*, 398 F.3d 855, 860 (6th Cir.2005).

Accordingly, it is hereby **ORDERED** that the defendant's motion is **DENIED**. [Docs. 612 and 613].

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE