UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| GEORGIA MULLINS | ) | |
| | ) | |
| v. | ) | NO. 2:97-CR-07 |
| | ) | NO. 2:05-CV-215 |
| UNITED STATES OF AMERICA | ) | |

**O R D E R**

This criminal matter is before the Court to address the petitioner's third motion under Section 2255 to vacate, set aside, or correct her sentence. The petitioner's first motion to vacate in NO. 2:03-CV-273 was dismissed on July 31, 2003, and her second motion to vacate in NO. 2:04-CV-368 was dismissed on September 7, 2005.

However, 28 USCA § 2244 provides:

> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
> (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
> (C) The court of appeals may authorize the filing of a second or successive
> application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.

(D) The court of appeals shall grant or deny the authorization to file a second or
successive application not later than 30 days after the filing of the motion.
(E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

In *Halliburton v. United States*, 59 Fed.Appx. 55, 56-57, 2003 WL 271754 (6th Cir.(Tenn.)) (Not selected for publication in the Federal Reporter), the Sixth Circuit also explains:

> Upon review, we conclude that <u>the district court properly dismissed Halliburton's action as Halliburton had not first obtained permission to file his action as required by 28 U.S.C. §§ 2244(b)(3)(A) & 2255 ¶ 8.</u> Halliburton was clearly seeking to challenge the validity of his judgment of conviction and sentence after already having done so on three prior occasions. A motion filed under Fed.R.Civ.P. 60(b) is properly construed as a second or successive postconviction action if the claims seek to challenge the validity of an underlying judgment of conviction. See *McQueen v. Scroggy*, 99 F.3d 1302, 1335 (6th Cir.1996). Under these circumstances, a petitioner must first obtain permission from the court of appeals before attempting to file a second or successive petition in the district court. See 28 U.S.C. §§ 2244(b)(3)(A) & 2255 ¶ 8; *57))
> *Charles v. Chandler*, 180 F.3d 753, 757 (6th Cir.1999); *In re Green*, 144 F.3d 384, 388 (6th Cir.1998).   (emphasis added)

Therefore, the petitioner's third motion to vacate seeking to challenge the validity of her judgment of conviction and sentence will be dismissed for failure to obtain permission

to file her action as required by 28 *U.S.C.* §§ 2244(b)(3)(A) and 2255 ¶ 8.

In addition, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") amended 28 *U.S.C.* § 2255 by adding a time-limit provision for motions by federal prisoners for collateral relief. As amended, § 2255 provides in pertinent part:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of-
> (1) the date on which the judgment of conviction becomes final;

The petitioner's sentence was affirmed on appeal on February 14, 2000, and it became final on June 12, 2000 when her petition for certiorari was denied by the United States Supreme Court. *Mullins v. United States*, 530 U.S. 1238 (2000). As explained by the Sixth Circuit in *Starnes v. United States*, 18 Fed.Appx. 288, 292, 2001 WL 1006252 *3 (6th Cir.(Tenn.)) (Not selected for publication in the Federal Reporter):

> Thus, even under the most inclusive view of finality, Petitioner's conviction became final on October 31, 1994--the day the Supreme Court denied a petition for writ of certiorari in Petitioner's direct appeal of his conviction and sentence. *Starnes v. United States*, 513 U.S. 965, 115 S.Ct. 428, 130 L.Ed.2d 342 (1994).

Therefore, the statute of limitations ran on June 12, 2001, and this motion filed on August 22, 2005 is time-barred. The petitioner has failed to allege or to show any reasonable basis for equitable tolling of this statute of limitations.

Accordingly, it is hereby **ORDERED** that petitioner's motion under

3

Section 2255 to vacate, set aside, or correct her sentence is **DISMISSED.** Inasmuch as the petitioner did not allege a substantial showing of the denial of a constitutional right, it is also hereby **ORDERED** that the petitioner is **DENIED** a certificate of appealability. Fed. R. App. 22(b); *Lyons v. Ohio Adult Parole Authority*, 105 F.3d 1063 (6th Cir. 1996).

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE